IREDALE & ROTH APC
Danielle R. Iredale
California Bar No. 304693
185 West F Street, Suite 100
San Diego, CA 92101
Tel:    (619) 230-5606
Email: danni@iredaleroth.com

Counsel for Defendant,
Joshua Trujillo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THE UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>JOSHUA ISIAH TRUJILLO [2],<br><br>            Defendant. | Criminal Case No. 25CR2882-2-TWR<br><br>The Hon. Todd W. Robinson<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST TO ALLOW MR. TRUJILLO TO REMAIN OUT OF CUSTODY, ON BOND, PENDING SENTENCING** |
|---|---|

**I.     BACKGROUND:**

Mr. Trujillo was released from custody after posting a $10,000 personal appearance bond signed by one financially responsible adult, his mother, on or about July 1, 2025. *See ECF Doc. No. 33*. Additional conditions restrict travel to San Diego County and Imperial County. He is also required to submit to drug and/or alcohol testing no more than four times per month; to actively seek employment or schooling; and to reside with a family member or surety. Since his release, he has been residing with his parents. No violations of pretrial release have been filed. He remains in

close contact with the undersigned and appears timely to all court appearances and scheduled meetings with counsel.

Mr. Trujillo pled guilty to Count 1 of the Indictment, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. A status hearing re: acceptance of the guilty plea was set for January 9, 2026; and the sentencing hearing is set for February 27, 2026.

At the status hearing on Friday, January 9, 2026, if and when this Court accepts the Guilty Plea, Mr. Trujillo will respectfully request the Court allow him to remain out of custody under the same bond conditions currently in place, until his sentencing date, currently set for February 27, 2026.

## II.   THE LAW:

18 U.S.C. §3143(a)(2) generally requires remand once a guilty plea to certain enumerated offenses has been accepted. Mr. Trujillo's offense falls within this category, and under the law, this Court shall order his detention unless (A) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any person in the community. 18 U.S.C. §3143(a)(2)(A) & (B).

Here, Mr. Trujillo can establish the second prong, in that he has been out on bond for nearly six months, and is complying with all conditions, working full-time and living with his parents, as well as attending all court appearances. He has no prior record. The statute's requirements are generally conjunctive, and while he cannot at this time establish the first prong, the law provides an escape hatch in 18 U.S.C. §3145(c): A person

subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

### III. EXCEPTIONAL REASON

"Exceptional reasons" is not statutorily defined. See 18 U.S.C. § 3145. However, the Ninth Circuit has provided guidance as to what constitutes an exceptional reason. *See United States v. Garcia*, 340 F.3d 1013, 1019-22 (9th Cir. 2003). The Ninth Circuit has explained that when determining detention status under Section 3145, the Court should assess:

> the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant . . . .

*Id.* at 1019.

The Ninth Circuit has articulated several factors that may be considered, including: (1) whether "the defendant's criminal conduct was aberrational;" (2) whether "the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society[;]" (3) "[t]he length of the prison sentence-both the maximum and the sentence imposed[;]and (4) "whether the defendant poses an "exceptionally low risk of danger[.]" Id. at 1019-22 (Omitting some listed factors). Notably, the

1 Ninth Circuit has made clear that there is "no limit on the range of matters
2 the district court may consider." *Id.* at 1018-19.
3       Here, Mr. Trujillo's conduct was an aberration. This instant case is his
4 first offense. He has never been involved in any violent conduct. He has
5 been contributing to society while out on bond by both working with his
6 father, and coaching kids in baseball (his passion).
7       This case is a close call, but Mr. Trujillo has set forth his request to
8 counsel in his own words:

> Throughout this time I have been working with my dad for his construction company, JT Restoration Inc. In his company, I help him out as a general laborer, working on residential remodel doing bathrooms, kitchens, and exterior work. I assist him in hauling trash and debris from worksite to city dump, working regularly on demolition projects, as well as all being in charge of all material and tool purchasing needed and then delivering to the various jobs. My role is important in my dad's company as being a trustworthy employee to keep him updated on job progress, as well as giving confirming employee timesheets.  I work between 25-35 hours a week and sometimes on Saturdays when needed. The current jobs I am working on are located in Oceanside and Rancho Bernardo, but I have also assisted in jobs located in Hillcrest, and Jamul. [] In addition, I have been participating in community service hours at a youth baseball clinic assisting them with hitting and batting cages as well as anything they need assistance with. If permitted I was looking into contacting my old baseball coach, being that baseball season is approaching in January and offer my services for youth hitting and pitching lessons. I try to put in as many hours as I can when I am available, and my goal

> is to still be able to continue to work to pay off my credit card debt so that way I don't leave it to my parents. I currently have a debt of $2000.00+ to Navy Federal, and $500.00+ to Capital One. Also including a car payment of $440.00. My birthday is also coming up on January 11th, and I would hope to be able to spend it with my family. I would appreciate it if this would be considered.

Mr. Trujillo describes his desire to continue working as to not leave any debt behind before he begins his period of incarceration. He was a teenager at the time of the offense, and the forward-looking desire to work and honestly pay off debts he has incurred is commendable and shows that he is someone who will continue to be a productive member of society both before and after his period of his incarceration from this case. He was quite young at the time of the commission of the offense, but he has handled the case with dignity and the seriousness it deserves.

## IV.   POSITION OF THE STAKEHOLDERS

### (i)   The Government Has No Yet Responded

Defense counsel has attempted to meet and confer with the Government, but understandably the holidays make contact more difficult, and counsel understands that the Government may be out of office. The defense awaits a response.

### (ii)   The United States Pretrial Services Officer Has No Objection

Defense counsel has met and conferred with Pretrial Services Officer Ivan Caro, who has no objection.

### (iii)  The Surety Has No Objection

Defense counsel has spoken with surety, Jessica Rodarte, who has no objection.

//

## V. **CONCLUSION**

This Court can find the Mr. Trujillo should remain out of custody based on a wide array of factors. Mr. Trujillo requests the Court make that finding.

| | |
|---|---|
| Dated: December 30, 2025 | Respectfully Submitted, |
| | IREDALE & ROTH APC |
| | */s/ Danni Iredale* |
| | Danielle R. Iredale |
| | Counsel for Mr. Joshua Trujillo |